**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
**The Honorable Michael E. Romero**

| | |
|---|---|
| In re:<br><br>James Robert Colby and Summer Rain Colby<br><br>Debtors. | Case No. 25-17290 MER<br><br>Chapter 13 |

## ORDER RE: TRUSTEE'S RESPONSE TO STATUS REPORT

This matter comes before the Court on the Response to Status Report Pursuant to Order Entered May 18, 2026 (doc # 70) ("**Response**") filed by the Chapter 13 Trustee ("**Trustee**"), and the Debtors' objection thereto.[1]

## BACKGROUND

The Debtors commenced the instant bankruptcy case under Chapter 13 of the Bankruptcy Code on November 5, 2025. The Debtors in this case were the Debtors in another case and defendants in an adversary proceeding before this Court (the "**Adversary Proceeding**").[2] While the Adversary Proceeding was pending, Debtor Summer Colby ("**Ms. Colby**") was awarded proceeds from a wrongful death action involving her mother (the "**Proceeds**"). Both the Debtors and the plaintiff in the Adversary Proceeding, Lea Lundquist ("**Lundquist**"), expressed concern regarding the disposition of the Proceeds. As such, the Court ordered the Proceeds to be held in the trust account of the Debtors' former counsel, Drew Moore ("**Moore**"), until the Adversary Proceeding was resolved ("**Proceeds Order**"). The Court entered a final judgment in Lundquist's favor on October 23, 2025, and the Debtors filed the instant bankruptcy case only a few days later. In their schedules, the Debtors claim the Proceeds as exempt, which Lundquist objects to. As of the date of this Order, the Court has not made a determination whether the Proceeds are exempt.

Shortly after the Debtors filed the instant bankruptcy case, the Court learned that Moore is suspended from practicing law for, among other things, mismanaging client money and commingling funds in his trust account.[3] This concerned the Court given the Proceeds were held in Moore's account. On May 12, 2026, the Court ordered the Debtors to file a status report regarding the whereabouts of the Proceeds. The Debtors filed a report on May 15, 2026, advising the Court Moore had refunded the Proceeds to

---

[1] ECF Nos. 74 & 76.

[2] Bankr. Case No. 18-21067-MER; Adv. Proc. No. 19-01092-MER.

[3] *People v. Donald Moore*, Case No. 25PDJ9.

the Debtors, but had applied a portion of them to attorney's fees the Debtors owed him for work done in a state court case and in the Adversary Proceeding. The Debtors further asserted that the refunded Proceeds were deposited into an account held by Ms. Colby. The Trustee filed his Response on June 12, 2026. In his Response, the Trustee requests that, out of an abundance of caution, the Proceeds be held in either the trust account of the Debtors' new counsel, Don Bell ("**Bell**"), or in the Court's registry until the Court makes a determination regarding the exemption. The Debtors object to the Trustee's request, asserting that forcing them to transfer the Proceeds to a different account will cause irreparable harm. In particular, the Debtors argue they have already lost approximately $9,100.00 due to "inflation" since the Court ordered the Proceeds to be held in Moore's account. The Debtors further assert that if they are forced to transfer the Proceeds, they will likely be held in a non-interest-bearing account, diminishing their value for the estate.

## ANALYSIS

Pursuant to 11 U.S.C. § 105(a), "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." This includes orders relating to property of the bankruptcy estate.[4] Bankruptcy courts are authorized to order funds that are part of a debtor's bankruptcy estate to be deposited into a separate account, particularly where there are concerns regarding the debtor's trustworthiness.[5] The Debtors and Lundquist have been engaged in heated litigation for fourteen years. Both parties expressed concerns regarding the Proceeds in the past. In particular, Lundquist expressed concern the Debtors would dispose of the Proceeds before she could use them to satisfy her judgment, and the Debtors were concerned Lundquist would prematurely garnish the Proceeds. These concerns resulted in the Court ordering the Proceeds to be held in Moore's trust account until the Adversary Proceeding was resolved. While the Adversary Proceeding has been resolved, the Proceeds are now the subject of an exemption dispute. Neither party has provided reassurances that would lead the Court to conclude the previous concerns regarding the Proceeds have been rectified. As such, the Court concludes it is in the best interest of creditors and the estate that the Proceeds be held in a separate account, uncontrolled by either party, until the exemption issue is resolved. Therefore, the Court

ORDERS on or before **September 2, 2026**, the Debtors shall transfer the Proceeds to Bell's trust account. Failure to transfer the Proceeds by the deadline may result in sanctions. The Court

FURTHER ORDERS the Debtors shall file a confirmation with the Court when the Proceeds have been transferred.

---

[4] 11 U.S.C. § 541(a); 28 U.S.C. § 1334(e).

[5] See *Bennett & Fairshter, LLC v. Stinky Love, Inc. (In re Lacy)*, 335 B.R. 729, 739 (10th Cir. BAP 2006) (finding bankruptcy court's order requiring funds from a lawsuit to be deposited into the court's registry was necessary to enforce the court's confirmation order and prevent an abuse of process where the debtor was found to not be trustworthy.).

Dated August 24, 2026

BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court